**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **MARY A. DOWNEY** | * | |
| | * | |
| **PLAINTIFF** | * | **DOCKET NO.** |
| | * | |
| **VS.** | * | |
| | * | |
| **CHEDANA PATEL, AJAY PATEL, and** | * | |
| **ACR HOTELS LLC;** | * | **JURY DEMANDED** |
| **D/B/A TIMBERS LODGE** | * | |
| **DEFENDANTS.** | * | |
| | * | |

**COMPLAINT**

Mary A. Downey, through counsel, hereby sues defendants, Chedana Patel , Ajay Patel, and ACR Hotels, LLC d/b/a Timbers Lodge, for harms and losses arising out of an incident that occurred on April 22, 2019. Pursuant to Rules 7 and 8 of the Federal Rules of Civil Procedure. Ms. Downey describes her claims as follows:

PARTIES

1. Mary A. Downey is an adult who resides in Rhea County, TN.
2. Defendants, Chedana Patal and Ajay Patel own, operate, and maintain a business, operating as Timbers Lodge Hotel, and may be served at Timbers Lodge, 134 E. Wears Valley Rd, Pigeon Forge, TN, 37863.
3. Defendant ACR Hotels LLC owns, operates, and maintains a business, operating as Timbers Lodge Hotel. ACR Hotels LLC's principal place office is 134 E. Wears Valley Rd, Pigeon Forge, TN 37863.
4. Defendant ACR Hotels LLC's registered agent is Raj M Patel. He can be served at 134 E. Wears Valley Rd, Pigeon Forge, TN 37863.

## JURISDICTION AND VENUE

5. Jurisdiction and venue are proper in the Eastern District of Tennessee.
6. The Court has jurisdiction over this action because this action raises a federal question pursuant to 28 U.S. Code §1331.
7. Venue is proper pursuant to U.S. Code §1391 because the Defendant may be found in this district and because a substantial portion of the events or omissions giving rise to the claim occurred in the Eastern District of Tennessee.

## BACKGROUND

8. Timbers Lodge is a hotel, motel, inn or place of lodging located in Pigeon Forge, Tennessee.
9. Upon information and belief, Timbers Lodge contains more than five rooms for rent.
10. Plaintiff Downey is visually impaired. She is legally blind.
11. Ms. Downey's visual impairment substantially limits one or more major life activity.
12. Ms. Downey owns and cares for a service animal, a seeing-eye dog named J.J.
13. Plaintiff reserved a three day stay at Timbers Lodge starting on April 22, 2019 and ending on April 25, 2019.
14. Ms. Downey was refused service at Timbers Lodge on April 22, 2019.
15. Ms. Downey was told that her service dog exceeded the maximum weight requirement in the Timber Lodge's policy.
16. Ms. Downey informed defendants that she was visually impaired and required a service animal.
17. The staff informed the Plaintiff there would be a pet fee and demanded paperwork proving that the animal was a service animal.
18. Plaintiff refused said request.

19. Eventually, Plaintiff was checked into her room at the Timbers Lodge Hotel.

20. Unfortunately, after check-in Plaintiff was asked to leave the hotel by employees of the Timbers Lodge.

21. The Plaintiff was forced to stay at an alternate location that was forty-five minutes outside of the desired location.

22. Plaintiff checked into Cabin & Resort Rentals Colonial Properties. This hotel stay was more expensive than the stay at Pigeon Forge that she had planned for and anticipated.

## CAUSE OF ACTION

23. Ms. Downey alleges that Defendants discriminated against her on the basis of her disability and kept her from full and equal enjoyment of the facilities, services, privileges, and accommodations of the Timbers Lodge hotel, in violation of 42 USCS § 12182, et seq., and the Americans with Disabilities Act of 2008.

24. At all times relevant, Timbers Lodge was an inn, hotel, motel or other place of lodging that contained more than five rooms for rent.

25. Timbers Lodge is a privately-owned business that meets the requirements of a public accommodation under 42 USCS § 12181.

26. At all times relevant, Ms. Downey's inability to see substantially limited one or more major life activities.

27. Ms. Downey's visual impairment fits the definition of a disability under 42 USCS 12102.

28. When Defendant's denied Ms. Downey from staying at the Timbers Lodge, Defendants' relied on their hotel policy for pets.

29. This reliance on a pet policy was a failure to make a reasonable modification in policies, practices, or procedures, in violation of 42 USCS §12182.

30. This reliance on a pet policy was the imposition of eligibility criteria that would screen out or tend to screen out an individual with a disability, from enjoying the accommodations, in violation of 42 USCS §12182.

31. Defendants denied Ms. Downey from participation in the accommodation on the basis of her disability, in violation of 42 USCS §12182.

32. Defendants utilized standards in their hotel policy that had the effect of discriminating on the basis of disability under 42 USCS §12182.

33. Plainly stated, Ms. Downey was forced out of her hotel room, by the property owner, because of her disability. This is discrimination under 42 USCS §12182.

## REQUEST FOR RELIEF

34. As a result of the Defendants culpable acts or omissions as set forth herein, Ms. Downey was improperly discriminated against. Ms. Downey brings this suit pursuant to the private enforcement rights provided to her under 42 USCS § 12188.

35. Ms. Downey seeks injunctive relief, including, but not limited to, an order requiring the defendants to change their practices, polices and procedures.

36. Ms. Downey also seeks an order requiring defendants to maintain Timbers Lodge in a way that is accessible for individuals with disaiblites.

37. Ms. Downey seeks compensation for her attorney's fees accrued in pursuing this case.

WHEREFORE, Ms. Downey demands a judgment against the Defendants for the equitable relief requested and Ms. Downey DEMANDS A JURY to try the issues when joined.

Respectfully Submitted,

**MASSEY & ASSOCIATES, PC**

By: ______________________
S. Kyle McDonald, BPR: # 037088
6400 Lee Highway, Suite 101

Chattanooga TN 37421
Phone: (423) 697-4529
Fax: (423) 634-8886
kyle@masseyattoneys.com
*Attorney for Plaintiff*